# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| Victoria McGinnis, Individually and as Next Friend of K.M., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>Gold Medal Gymnastics Academy LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. N25C-12-324 FJJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Having considered Defendant, Gold Medal Gymnastics Academy, LLC ("Gold Metal") Motion to Dismiss and the opposition of the plaintiff it appears to the Court that:

1. A complaint has been filed on behalf of a nine year old who alleges that while participating in gymnastics activities at Defendant's facility she injured herself while using the uneven bars. The complaint alleges that the Defendant's conduct was both negligent and reckless which caused plaintiff's injuries. Defendant has moved for summary judgment on the basis of a written waiver. Plaintiffs oppose.

2. Two different waivers have been presented by the parties. There is a question of fact as to which of the two waivers is applicable in this case. However, there is no genuine issue of material fact because each of the

1

waivers is insufficient under Delaware law to exonerate the defendant from liability in this case.

3. The two waivers provide:

Waiver 1, which was executed by Minor Plaintiff's mother, Victoria McGinnis on July 9, 2024, provides:

I am fully aware of and appreciate the risks, including the risk of catastrophic injury, paralysis and even death, as well as other damages and losses associated with participation in gymnastics activities and events. I agree to indemnify and hold Gold Medal Gymnastics Academy, LLC, it's employees and officers harmless from and against any and all liability for any injury that may be suffered by the aforementioned individual arising out of or in any way connected with participation in this activity. I further agree the sponsor of any GMGA event, along with the employees, agents, officers, and directors of these organizations shall not be liable for any losses or damages occurring as a result of the aforementioned individual participation in the event.

Waiver 2, which was electronically accepted by Ms. McGinnis on July 25, 2024, provides:

Gold Medal Gymnastics Academy, its coaches and other staff members, will not accept responsibility for injuries sustained by any student during the course of gymnastics and/or tumbling instruction, open gym or workouts, or any activity, or in the course of any exhibition, competition, or clinic in which he or she may participate or while traveling to or from the event.

With the above in mind, and being fully aware of the risks and possibility of injury involved, I consent to have my child or children participate in the programs offered by Gold Medal Gymnastics Academy. I, my executors or other representatives, waive and release all rights and claims for damages that I, or my child, may have against Gold Medal

2

Gymnastics Academy and or its representatives whether paid or volunteer.

4. Delaware law is clear that for liability waivers to be valid the waiver must contain crystal clear and unequivocal language that the waiver covers the releasees negligent acts.[1] Delaware courts have found provisions to be "crystal clear" when the language "expressly releases the defendants from any liability for any injury resulting from their own negligence."[2]

5. In *Slowe v. Pike Creek Court Club, Inc.*, this Court found that the waiver was not "crystal clear" in releasing PCCC from the negligence claim because the liability waiver was "devoid of any language indicating that the waiver would cover acts of negligence" committed by the defendant.[3] *Slowe* highlights the importance of including language in a waiver that explicitly exonerates the party's liability from injuries caused by acts of their own negligence.

6. The court in *Ketler v. PFPA, LLC d/b/a Planet Fitness* further explains the importance of expressly releasing an injury resulting from the negligence of the defendant.[4] In *Ketler*, the plaintiffs' claim was barred by the plaintiff's signed release of liability.[5] The waiver expressly released Planet Fitness

---

[1] *Slowe*, 2008 WL 5115035 at *2 (Del. Super. Dec. 4, 2008).
[2] *Mackenson*, 2017 WL 2633492 at *2.
[3] *Slowe*, 2008 WL 5115035 at *3.
[4] *Ketler*, 132 A.3d at 747.
[5] *Id.*

3

from any injury that resulted in negligence of Planet Fitness by stating:

    a. "…I understand and voluntarily accept this risk and agree that Planet Fitness ... will not be liable for any injury, including, without limitation, personal, bodily, or mental injury ... **resulting from the negligence** of Planet Fitness or anyone on Planet Fitness' behalf whether related to exercise or not."[6]

7. The present case is similar to *Slowe* because the waiver does not speak to the defendant's own negligence. The provision is devoid of language exonerating Gold Metal from injuries caused by its own negligence. Gold Metal is not entitled to rely on either waiver to avoid liability. Quite simply, either waiver presented does not release Gold Metal from liability because it does not have the required language. Therefore, Gold Metal's Motion to Dismiss on the basis of the waiver is **DENIED**.[7]

**IT IS SO ORDERED** this 5th day of March, 2026.

                                                    */s/ Francis J. Jones, Jr.*
                                               Francis J. Jones, Jr., Judge

cc:    File & ServeXpress

---

[6] *Id.* (emphasis added).

[7] Even if the written waiver was valid it would not apply to plaintiff's claims based on reckless conduct. *Lyman v. Blue Diamond LLC*, 2016 WL 5793725 (Del. Super. 2016).